IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GINGER HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-823-F |
| | ) | (WO) |
| MEDICAL CENTER ENTERPRISE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This cause is before the Court on Defendant's Motion to Dismiss (Doc. # 4). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief"). In deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon*, 467 U.S. at 73. This standard imposes an "exceedingly low" threshold on the nonmoving party, in order to survive a motion to dismiss for failure to state a claim, that reflects the liberal pleading requirements set down in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985). The Court finds that the allegations set forth in the Complaint are

sufficient to meet this threshold and therefore, it is hereby ORDERED that the motion is DENIED.

DONE this 5th day of December, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE