IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GINGER HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-823-MEF |
| | ) | (WO) |
| MEDICAL CENTER ENTERPRISE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ginger Henderson brings suit against Medical Center Enterprise (hereinafter "MCE") alleging violation of the Emergency Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA").  This cause is presently before the Court on Defendant's Motion to Strike (Doc. # 30) evidence submitted by Mrs. Henderson in opposition to the pending motion for summary judgment (Doc. # 19).

### I. Jurisdiction and Venue

The Court exercises subject matter jurisdiction over this action pursuant to EMTALA and 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations of each.

### II. Facts and Procedural History

During the afternoon of November 30, 2004, Plaintiff Ginger Henderson was involved in an automobile accident between Geneva and Enterprise, AL.  At the time, she was approximately 38 weeks pregnant.  A few hours later, she went to the emergency room

at MCE.  Allegedly, the emergency room clerk told Mrs. Henderson that the clerk would need to contact the on-call obstetrician, who would then decide whether or not Mrs. Henderson would be seen.  Mrs. Henderson opted not to wait, and instead traveled to Flowers Hospital in Dothan, where she was seen and admitted for observation.  Mrs. Henderson alleges that MCE violated the EMTALA by not evaluating and/or treating her.

In support of her opposition to Defendant's motion for summary judgment, Mrs. Henderson submitted exhibits relating to an investigation authorized by the Centers for Medicare and Medicaid Services of the Department of Health and Human Services (hereinafter "CMS") concerning MCE's emergency room procedures at issue in the present case.  The investigation found that MCE's treatment of Mrs. Henderson violated a number of federal regulations and concluded that MCE's Medicare certification would be terminated unless the deficiencies were corrected.

### III. Discussion

"A nonmoving party, opposing a motion for summary judgment . . . cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).  Defendant moves to strike from the record "the investigation, correspondence, surveys, and any other information to and/or from the Centers for Medicare and Medicaid Services of the Department of Health and Human Services" regarding MCE because it believes this information is inadmissible pursuant to the Federal Rules of

Evidence and Alabama Code § 22-21-8.  In particular, Defendant moves to strike Exhibits C, D, and E to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. # 28).  Plaintiff claims that, though hearsay, this information is admissible under Federal Rule of Evidence 803(8)(C).

> Rule 803(8) permits admission of
>
> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).  The Advisory Committee Notes to Rule 803(8) state that the rule "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present." Fed. R. Evid. 803 advisory committee's note.

Defendant first asserts that the information does not fall under Rule 803(8) because it was never made public and thus is not a public record.  Defendant cites no authority and the Court can find none requiring that information be made public in order for it to qualify as a public record.  The fact that the information is contained in the records of a public agency, namely  Department of Health and Human Services, is sufficient in this case.

Second, Defendant argues that the information does not fall under Rule 803(8) because it lacks trustworthiness.  Specifically, Defendant asserts that the information is not trustworthy because the citation and action to terminate MCE's Medicare certification were later withdrawn.  The letter withdrawing the citation and termination actions states that the

withdrawal was due to the fact that "action had been taken to correct the deficiencies that were cited, and that procedural changes had been made giving reasonable assurance that a similar violation will not recur." Thus, the withdrawal does not mean that the findings of deficiencies in the earlier report were inaccurate, it simply means that CMS was satisfied that the deficiencies had been sufficiently addressed. Defendant does not present any other reasons why the information is untrustworthy and the Court does not have any reason to believe that the factual findings set forth in the survey are untrustworthy.

Third, Defendant asserts that the information should be precluded from admission because it offers legal conclusions. The Eleventh Circuit has held that "Rule 803(8)(C) does not provide for the admissibility of the legal conclusions contained within an otherwise admissible public report." *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989). Therefore, the Court will not consider those portions of the information which contain legal conclusions, namely the assertions that MCE violated certain federal regulations in its treatment of Plaintiff. However, this does not prohibit the Court from considering any factual findings made during the investigation.

Fourth, Defendant asserts that the information contains proffered expert opinions from individuals who have not been identified as expert witnesses, and thus violates Rule 702. However, before a Rule 702 objection can be made, the party challenging a report admitted under Rule 803(8) must come forward with some evidence which would impugn its trustworthiness. *See Melville v. Am. Home Assurance Co*, 584 F.2d 1306, 1316 (3d Cir.

1978).  As stated above, the Court has found no evidence of untrustworthiness, therefore Defendant cannot make a Rule 702 objection.

Fifth, Defendant claims that the information is precluded from admission because it has not been authenticated pursuant to Rule 901.

> Generally, documents must be properly authenticated in order for them to be considered on summary judgment.  Federal Rule of Evidence 901(a) provides that '[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'  To meet this standard, the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be.  Thus, courts may look to other evidence in the case to determine whether a challenged document meets the standard of Rule 901.

*APA Excelsior III, L.P. v. Windley*, 329 F. Supp. 2d 1328, 1335 (N.D. Ga. 2004)(internal quotation marks and citations omitted).  In her deposition, Plaintiff stated that she called the State to report the incident at MCE and that the State conducted an investigation during which she was interviewed.  She also stated that she received a copy of the report of the findings of the investigation and that the report stated that MCE had been found to be at fault and that the state was pulling their Medicaid certification.  The Court finds that, for the purpose of summary judgment, Plaintiff's testimony about the report is sufficient to authenticate it under Rule 901.

Sixth, Defendant asserts that the information refers to subsequent remedial measures, which are inadmissible pursuant to Rule 407. In accordance with Rule 407, the Court will not consider the references to subsequent remedial measures as evidence of culpable conduct

5

by MCE.

Seventh, Defendant argues that the information constitutes quality assurance information that is barred from evidence by Alabama Code § 22-21-8, which provides that

> (a) Accreditation, quality assurance and similar materials as used in this section shall include all written reports, records, correspondence, and materials concerning the accreditation or quality assurance or similar function of any hospital, clinic, or medical staff. The confidentiality established by this section shall apply to materials prepared by an employee, advisor, or consultant of a hospital, clinic, or medical staff and to materials prepared by an employee, advisor or consultant of an accrediting, quality assurance or similar agency or similar body and to any individual who is an employee, advisor or consultant of a hospital, clinic, medical staff or accrediting, quality assurance or similar agency or body.
> (B) All accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities. . . . Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented or used in preparation of accreditation, quality assurance or similar materials. . . .

Ala. Code § 22-21-8. Similar statutes, commonly referred to as peer review privilege statutes, exist in a number of other states. Federal Rule of Evidence 501 sets forth the rules of evidentiary privilege as applied in federal court. Rule 501 provides that, in federal law proceedings,

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or the rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of common law as they may be interpreted by the courts of the United States in light of reason and experience.

Fed. R. Evid. 501.  "Rule 501 clearly provides federal courts with the statutory power to recognize new or 'novel' evidentiary privileges. . . . [However,] the rule in this Circuit is that a new privilege should only be recognized where there is 'compelling justification.'" *In re Int'l Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982).  That is, courts should not apply new evidentiary privileges unless they promote "sufficiently important interests to outweigh the need for probative evidence." *Univ. Of Pa. v. EEOC*, 493 U.S. 182, 189 (1990).

There is no Eleventh Circuit authority addressing the application of a state peer review privilege in a federal question case.[1]  However, the majority of federal courts in other states have declined to apply state peer review privileges in a wide variety of federal question actions.  *See, e.g. Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518 (E.D. Wisc. 1999)(Title VII gender discrimination claim); *Syposs v. United States*, 63 F. Supp. 2d 301 (W.D.N.Y. 1999)(Federal Tort Claims Act medical malpractice claim); *Robertson v. Neuromedical Cntr.*, 169 F.R.D. 80 (M.D. La. 1996)(ADA claim); *Price v. Howard County Gen. Hosp.*, 950 F. Supp. 141 (D. Md. 1996) (Sherman Act claim).  Moreover, at least two federal courts have refused to apply a state peer review privilege in cases involving EMTALA claims.  *See Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644 (D. Colo. 2004); *Burrows v. Redbud Community Hosp. Dist.*, 187 F.R.D. 606 (N.D. Cal. 1998). Finally, legislative history indicates that Congress addressed the creation of a federal

---

[1] While the Eleventh Circuit has upheld the application of the peer review privilege in some cases, *see, e.g., Somer v. Johnson,* 704 F.2d 1473, 1479 (11th Cir. 1983), these have been diversity suits in which Rule 501 requires courts to apply state law privileges to state law claims.

privilege of peer review documents, but ultimately declined to include such a privilege in the Health Car Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et. seq.  Patt*, 189 F.R.D. at 524.   In light of this case law and legislative history, the Court will not apply the privilege set forth in Alabama Code § 22-21-8.[2]

Eighth, Defendant states that any probative value of the information is outweighed by the danger of unfair prejudice and confusion of the issues, and it is therefore inadmissible pursuant to Rule 403.   The Court disagrees and finds that the information is not unfairly prejudicial or confusing and thus is admissible pursuant to Rule 403.

Finally, Defendant argues that even if the information is admissible, the citation and termination action were ultimately withdrawn.   The Court will take the withdrawal into account, but notes that the fact of the withdrawal has no effect on the admissibility of the information as set forth above.

## IV.  Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Strike (Doc. # 30) is GRANTED in part and DENIED in part.

DONE this the 14th day of August, 2006.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court declines to apply the privilege, the Court makes no finding as to whether the information at issue falls within the privilege.